IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

SEP 23 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Plaintiff | § § § § § § § § § § | CIVIL ACTION NO. _____<br>H-04-3705<br>JURY TRIAL DEMANDED |
| v. | | |
| TEXAS COAST WAFFLES, INC. d/b/a WAFFLE HOUSE #1381<br>Defendant. | | |

## ORIGINAL COMPLAINT

1.  This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991, *as amended,* to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Joan Vandewarker and a class of female employees who were adversely affected by such practices. The Defendant, Texas Coast Waffles, Inc. d/b/a Waffle House #1381 unlawfully denied female employees equal employment opportunities by subjecting them to sexual harassment in violation of Title VII. Additionally, Defendant unlawfully terminated Ms. Vandewarker in retaliation for complaining to management about the sexual harassment.

### JURISDICTION AND VENUE

2.  Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C. §1981A.

3.  Venue is proper in this court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4.  Plaintiff, the Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5.  Defendant Texas Coast Waffles, Inc. d/b/a Waffle House #1381 ("Waffle House") has continuously been and is now doing business in the State of Texas and the City of Seabrook and has continuously had more than 15 employees. Waffle House may be served with process by serving its registered agent in Texas, Larry Cannon, 1803 W. Main Street, League City, Texas 77573.

6.  At all relevant times, Waffle House has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Joan Vandewarker filed a charge of discrimination with the Commission alleging violation of Title VII by Waffle House, her former employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2001, Waffle House has engaged in unlawful employment practices at its restaurant #1381 located in Seabrook, Texas, in violation of Sections 703(a)(1) and 704(a) of Title VII.

9. Waffle House, by and through its agent, Corey Ritnour, a manager at the restaurant, subjected Ms. Vandewarker and other female employees to unwelcome sexual propositions and comments, sexual gestures, and offensive touching because of their sex, female. Specifically, among other things, Mr. Ritnour told female employees that he wanted them to engage in anal sex with him, requested female employees to touch his penis, forcibly made one female place her hand on his penis, made offensive comments about the breasts and buttocks of female subordinates, made offensive comments about his sex life to female employees and used sexually explicit language and gestures and engaged in other inappropriate workplace behavior. The sexual harassment was repeatedly reported to management at Waffle House, yet no effective action was taken to halt the harassment. At least one female employee, when she complained to management about the sexual harassment, was merely advised to avoid him. The complained of conduct was so sexually hostile and occurred with such frequency and severity that it affected the terms, conditions, benefits and privileges of employment and created a hostile work environment.

10. Ms. Vandewarker, as other women had before her, complained to management about the sexual harassment. As a result of her complaint, the hours she worked were cut and she was told that the restaurant had no hours for her any longer. She was informed that she was being terminated, that no one supported her complaint. Other women felt compelled to resign their employment with Waffle House in order to escape the

sexually hostile work environment.

11. Ms. Vandewarker and other female employees were subjected to a series of separate, harassing acts that collectively constituted an unlawful employment practice.

12. The unlawful employment practices complained of above were intentional and based on the gender of Ms. Vandewarker and the other female employees.

13. The effect of the practices complained of above has been to deprive Ms. Vandewarker and other female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their gender, by requiring them to be subjected to sexual harassment in the workplace.

14. The unlawful employment practices described above were committed with malice or with reckless indifference for the federally protected civil rights of Ms. Vandewarker and other female employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

15. Grant a permanent injunction enjoining Waffle House, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex;

16. Order Waffle House to institute and carry out policies, practices and procedures which provide equal employment opportunities for women and which eradicates the sexually hostile work environment;

17. Order Waffle House to make Ms. Vandewarker whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and

other affirmative relief necessary to eradicate the effects of the unlawful employment practices she was subjected to;

18. Order reinstatement into a comparable position for Ms. Vandewarker or award front pay in the amounts to be proven at trial if reinstatement is impractical;

19. Order Waffle House to make whole those females who were constructively discharged from their employment as a result of the sexual harassment by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices they were subjected to;

20. Order reinstatement into comparable positions for each of the class of females who were constructively discharged from their employment as a result of the sexual harassment or award front pay in the amounts to be proven at trial, if reinstatement is impractical;

21. Order Waffle House to pay compensatory damages to Ms. Vandewarker and to each of the class of females subjected to sexual harassment in the workplace for their past and future pecuniary losses resulting from the unlawful employment practices described above;

22. Order Waffle House to pay compensatory damages to Ms. Vandewarker and to each of the class of females subjected to sexual harassment in the workplace for their past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses they suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

23. Award punitive damages to Ms. Vandewarker and to each of the class of female employees of Waffle House subjected to the unlawful employment practices described above, in amounts to be proven at trial;

24. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

25. Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

26. Award the Commission its costs in this action; and

27. Grant such other and further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

28. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

1801 L. Street, N.W.
Washington, D.C. 20507

By: *(signature)*
Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
SDN: 10145
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399
Fax: (713) 209-3402

ATTORNEYS FOR PLAINTIFF

OF COUNSEL

*(signature)*
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I(a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS
TEXAS COAST WAFFLES, INC. d/b/a WAFFLE HOUSE #1381

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kathy Boutchee, Senior Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399

ATTORNEYS (IF KNOWN)

H-04-3705

United States Courts
Southern District of Texas
FILED
SEP 2 3 2004
Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Texas Coast Waffles, Inc. d/b/a Waffle House #1381 subjected Joan Vandewarker and a class of female employees to discriminatory treatment by unlawfully denying female employees equal employment opportunities by subjecting them to sexual harassment in violation of Title VII and unlawfully terminating Ms. Vandewarker in retaliation for complaining to management about sexual harassment..

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury--Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury--Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | **CIVIL RIGHTS** | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | [ ] 441 Voting | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | | [ ] 550 Other | | [ ] 870 Taxes (U.S Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | | | [ ] 871 IRS--Third Party 26 USC 7609 | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 9/23/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT