IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION | § | |
| Plaintiff | § | CIVIL ACTION NO. H-04-3705 |
| | § | |
| v. | § | |
| | § | |
| TEXAS COAST WAFFLES, INC. d/b/a | § | JURY TRIAL DEMANDED |
| WAFFLE HOUSE #1381 | § | |
| Defendant. | § | |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission") and Defendant, Texas Coast Waffles, Inc. d/b/a Wafflehouse #1381 ("Defendant"), agree to entry of this Consent Decree.

### I.    Background and History of Proceedings

A.    Charging Party Joan Vandewarker ("Charging Party") filed a charge of discrimination with the Commission (Charge No. 330-200-03179) alleging Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII").

B.    On August 12, 2004, after investigating the Charge and finding discrimination, the Commission commenced this action alleging that Defendant's conduct constituted sexual harassment in violation of Section 703 (a) of Title VII. The Commission also alleged that Defendant had retaliated against Charging Party in violation of Section 704 (a) of Title VII.

C.    Defendant denied the allegations of sexual harassment and retaliation.

D.   The parties wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, the parties have agreed to settle this lawsuit. Defendant's consent to the entry of this decree nor any of the terms set forth in it shall not constitute or be construed as an admission of any Title VII violation. Both parties agree that this Consent Decree is being entered into for the sole purpose of compromising disputed claims without the necessity for protracted litigation.

E.   The Commission and Defendant stipulate to the jurisdiction of the Court and the satisfaction of all  administrative prerequisites. The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

IT IS ORDERED that:

1.       This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in Civil  Action No. H-04-3705 and the above-referenced Charge on behalf of Joan Vandewarker and class of unidentified female employees described in the Complaint.

2.       Defendant and all of its employees and/or agents associated with it agree they will not engage in any employment practices which violate Title VII of the Civil Rights Act of 1964  with respect to compensation, terms, conditions or privileges of employment because of such individual's sex and will not retaliate against any individual who has opposed any practice made an unlawful employment practice under Title VII or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII.

3.       Annually, for two years for the date of entry of this Decree, Defendant will provide, using an attorney from Ford and Harrision, L.L.LP., a program on

-2-

employment discrimination, including the law relating to sexual harassment and retaliation, to all management, human resources professionals and supervisory employees of Defendant. The minimum duration of each training shall be two (2) hours. The first such training shall be competed within six (6) months from the date the Consent Decree is entered. Defendant shall submit to the EEOC, each year at least thirty days in advance of the program, the name of the program provider and a curriculum outline indicating the information to be addressed during the program and copies of all agendas and materials to be distributed at the training seminar. The person who shall administer the training will be attorney(s) possessing at least three years of experience in labor and employment law. The presenter must be approved by the EEOC through its counsel. Written acknowledgment of receipt of the training shall be obtained by Defendant from all individuals attending the training and retained among the employment records of defendant and also copies shall be forwarded to the EEOC within one month of the delivery of the training.

4.      Defendant has represented that it has terminated the employment of Corey Ritnour, the manager of the restaurant at issue in this suit. For the term of this Decree, Defendant agrees that it shall not permit Corey Ritnour to be employed in any capacity by Texas Coast Waffles, Inc. or any other company or restaurant which Defendant owns either in whole or part. Nor may Mr. Ritnour be associated with the Defendant as an owner, consultant or contractor.

5.      Defendant agrees that within ten days after entry of this Decree it will conspicuously post the attached notice (Exhibit "A") in an area accessible to all

-3-

employees at each of the locations owned by Texas Coast Waffles, Inc. for a period of two years from the date the Decree is signed.

6.      Defendant agrees to segregate in a separate, confidential folder all documents related to Joan Vandewarker's charge of discrimination and the Commission's lawsuit.  These documents shall not be part of her personnel file. Further, Defendant agrees not to reference any of the following to any potential employer of Ms. Vandewarker her charge of discrimination, the Commission's lawsuit, or this Consent Decree entered in the Commission's lawsuit.

7.      Defendant agrees to pay the total sum of TEN THOUSAND AND NO/100 DOLLARS ($10,000.00) in full and final settlement of the Commission's  lawsuit to provide monetary relief to Joan Vandewarker Said sum shall be paid within fourteen (14) days from the date of entry of the Decree.  The Commission shall notify Defendant, within seven (7) days of entry of the Decree of the address to which the check to Ms. Vandewarker will be mailed.  A copy of the check disbursed shall be mailed to the Commission's  undersigned counsel of record on the same day the check is mailed to the Charging Party.

8.      The sums payable to the Charging Party may be subject to federal or state income tax.   Defendant agrees to issue Internal Revenue Service ("IRS") Form 1099 or an equivalent form to Charging Party for all sums paid pursuant to this Consent Decree.  The Charging Party will be responsible for paying any federal, state or local taxes, including federal income tax that may be due on the aforementioned monetary award. Defendant  and  the Commission agree that the sums  paid  pursuant  to  this  Decree  are  for  personal  damages  and  emotional

-4-

distress.    Defendant makes no representation as to the tax status of the funds being paid herein.

9.            Each party to this action shall bear their own costs and attorney's fees.

10.           This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest, and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

11.           This Decree shall remain in effect for two years from the date of signing. During the period that this Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate.  The Commission is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein.

12.           The Commission agrees that, in the event the Commission believes Defendant is in violation of any provision of this Consent Decree, the Commission shall notify Defendant of such violation and afford Defendant the opportunity to remedy as may be appropriate any such alleged violation within 30 days of such notice, before instituting any legal action to enforce such provision(s).

13.           Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which the Commission enforces in the future for any alleged violations by Defendant not resolved by this Decree.

-5-

Signed this _____ day of _____, 2006 at Houston, Texas.

_____
Nancy F. Atlas
United State District Judge

**AGREED AND CONSENTED TO:**

ATTORNEY FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION

By: _____
   Kathy D. Boutchee
   TBN: 02717500
   SDN: 10145
   Equal Employment Opportunity
      Commission
   1919 Smith Street, 7th Floor
   Houston, Texas 77002
   (713) 209-3399
   Fax: (713) 209-3402

ATTORNEY FOR DEFENDANT
TEXAS COAST WAFFLES, INC. d/b/a
   WAFFLE HOUSE #1381

By: _____
   Michael Maslanka
   TBN: 13148800
   Theresa M. Gegen
   TBN: 00793791
   Ford & Harrison, L.L.P.
   1601 Elm St., Suite 4450
   Dallas, Texas 75201
   (214) 256-4700
   Fax: (214) 256-4701



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, TX 77002-8049
(713) 209-3320
TTY (713) 209-3439
FAX (713) 209-3381

# NOTICE TO THE EMPLOYEES OF
# TEXAS COAST WAFFLES, INC.

THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EEOC AND TEXAS COAST WAFFLES, INC. REGARDING SEXUAL HARASSMENT AND DISCRIMINATION IN THE WORK PLACE PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

1.     Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's sex, race, color, religion, national origin, age or disability with respect to compensation, hiring or other terms, conditions or privileges of employment.

2.     TEXAS COAST WAFFLES, INC. supports and will comply with such Federal law in all respects and will not retaliate or take any action against current or former employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission (EEOC), providing information to the EEOC, and/or participating in any manner with an EEOC investigation or lawsuit or provided information during the company's investigation of any discrimination or harassment complaint..

3.     TEXAS COAST WAFFLES, INC. expressly prohibits sex discrimination and sexual harassment and will not engage in any employment practices that have the effect of creating or tolerating a hostile environment for employees because of their sex. At TEXAS COAST WAFFLES, INC., such discriminatory employment practices will not be tolerated. TEXAS COAST WAFFLES, INC. will promptly investigate any claims of unlawful discrimination or harassment and will take appropriate action as indicated by the results of its investigation.

4.     Any employee who feels they have been the target of such discrimination or harassment is advised to report this action promptly to Michael Maslanka or Theresa Gegen or Melissa Rye at Ford & Harrison, L.L.P., 1601 Elm Street, Suite 4450, Dallas, Texas 75201, (214) 256-4700.

SIGNED this _____ day of _____, 2006.

_____
Larry Cannon,
President
TEXAS COAST WAFFLES, INC.

This OFFICIAL NOTICE shall remain posted for two full years from date of signing.

"EXHIBIT A"